UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
QWALI WILLIAMS,

                    Plaintiff,

        -against-                                    **MEMORANDUM AND ORDER**
                                                     Case No. 20-CV-5464-FB-RML
TIMOTHY COHEN, WALTER
SOSNOWSKI, EILEEN BROWNE,
SCOTT CAREY, and JOHN OR JANE
DOE 1-10,

                    Defendants.
-----------------------------------------------x

*Appearances:*
*For the Plaintiff:*                        *For the Defendants:*
                                            CHRISTIANA S. MCSLOY
                                            Assistant County Attorney
                                            Suffolk County
                                            Post Office Box 6100
                                            Hauppauge, New York 11788

**BLOCK, Senior District Judge:**

        Qwali Williams was arrested on April 16, 2019, and later prosecuted for

second-degree menacing, criminal obstruction of breathing, and fourth-degree

criminal mischief.  Upon the dismissal of those charges, he sued four officers of

the Suffolk County Police Department (collectively, "Defendants") under 42

U.S.C. § 1981, 1983, 1985, 1986, and 1988.  He has asserted nine claims: (1)

unlawful search and seizure, (2) false arrest and false imprisonment, (3) excessive

force, (4) malicious prosecution, (5) malicious abuse of process, (6) denial of due

process and the right to a fair trial, (7) denial of equal protection of the laws, (8) conspiracy, and (9) failure to intervene.

Defendants now move for summary judgment on all claims pursuant to Federal Rule of Civil Procedure 56.  Since Williams has not submitted any response to the motion, the Court's role is to "assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  In so doing, the Court may accept as true assertions in Defendants' statement of undisputed facts provided it is "satisfied that the citation to evidence in the record supports the assertion[s]." *Id.*

## I

The record reflects that, on April 15, 2019, Aysha Nicole Turner went to a Suffolk County police station and told Officer William Sosnowski that Williams had threatened her with a gun and tried to strangle her earlier that day.  Desiree Henderson told Officer Eileen Browne that she had witnessed the incident.  Both women signed written statements under penalty of perjury.

Sosnowski applied for an arrest warrant based on those statements.  He later learned that Williams would be with his parole officer in Brooklyn the next day.  On April 16, 2019, while the warrant application was still pending, Officer

2

Timothy Cohen went to the parole office with other officers, took Williams into custody, and transported him back to Suffolk County for processing. Williams was searched incident to this arrest.

Cohen prepared a misdemeanor complaint based on the statements of Turner and Henderson. Detective Sergeant Scott Carey signed the complaint. Williams was detained overnight pending his arraignment on a misdemeanor information. Although released on his own recognizance following the arraignment, Williams was detained until May 2, 2019, on a parole violation arising out of the same charges. The charges were eventually dismissed on December 16, 2019, due to Turner's lack of cooperation.

## II

"An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995). The same is true when the information comes from a putative eyewitness. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (citing *Singer*). Since there is no evidence that would call Turner's and Henderson's credibility into question, the facts set forth above establish probable cause as a

matter of law.  This is fatal to William's claim for false arrest and false

imprisonment, *see Singer*, 63 F.3d at 118 ("There can be no federal civil rights

claim for false arrest when the arresting officer had probable cause."), as well as

his claim for malicious prosecution, *see Thompson v. Clark*, 596 U.S. 36, 43

(2022) ("[T]he wrongful initiation of charges without probable cause is . . . the

gravamen of the tort of malicious prosecution.").  It is also fatal to his claim for

unlawful search and search because the search of a person incident his lawful arrest

is itself lawful.  *See Virginia v. Moore*, 553 U.S. 164, 177 (2008) ("[A] search

incident to the [lawful] arrest requires no additional justification." (internal

quotation marks omitted)).

        With respect to the remaining claims, there is simply no evidence that any of

the Defendants used force against Williams, had a collateral purpose in arresting

him, manufactured or falsified evidence, or were motivated by his race or any other

constitutionally improper classification.  And since there is no evidence of an

underlying constitutional violation, there can be no claim for conspiracy, *see*

*Singer*, 63 F.3d at 119 ("[A] plaintiff alleging a § 1983 conspiracy claim must

prove an actual violation of constitutional rights."), or failure to intervene, *see*

*Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) ("[A]ll law enforcement

officials have an affirmative duty to intervene *to protect the constitutional rights of*

4

*citizens from infringement by other law enforcement officers in their presence.*"
(emphasis added)).

## III

For the foregoing reasons, Defendants are entitled to summary judgment on all of Williams's claims.  Accordingly, their motion is granted and the complaint is dismissed.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 8, 2023

5